**Brook MERSHA, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 04–71769.

United States Court of Appeals, Ninth Circuit.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

**348**

Submitted Sept. 24, 2007 **.

Filed Sept. 27, 2007.

Brook Mersha, Las Vegas, NV, pro se.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Brook Mersha, a native and citizen of Ethiopia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order reversing an immigration judge's ("IJ") order granting Mersha asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006), and we grant the petition in part, deny in part, and remand.

The IJ granted asylum based in part on Mersha's imputed political opinion. The BIA reversed, explaining that Mersha did not claim he had in the past or would, in the future, participate in political activities. This was error because the imputed political opinion analysis focuses on "the political views the persecutor rightly or in error attributes to his victims," not the person's actual political views. *See Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997); *see also Kumar v. Gonzales,* 444 F.3d 1043, 1054 (9th Cir.2006) ("The fundamental fact relied upon by the IJ in ruling that [petitioner] had failed to establish a nexus between persecution and a protected ground—that [petitioner] was not in fact a member of a terrorist organization—is irrelevant to the imputed political opinion analysis.").

The BIA also reversed the IJ's conclusion that Mersha had a well-founded fear of future persecution based on his mixed Oromo and Eritrean heritage. The IJ cited the country reports in the record to corroborate various problems faced by Oromos and Eritreans in Ethiopia, and to corroborate Mersha's claim that the Ethiopian government forces have engaged in warrantless searches, detentions, and killings. In reversing, the BIA noted there were no reports of Eritreans being forcibly exiled in 2002. The BIA did not otherwise address Mersha's claim regarding his mixed ethnic heritage and its conclusion is therefore not supported by substantial evidence. *See Borja v. INS,* 175 F.3d 732, 737 (9th Cir.1999).

Substantial evidence supports the agency's denial of CAT relief because Mersha failed to show it is more likely than not he would be tortured if he returned to Ethiopia. *See* 8 C.F.R. § 208.18; *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

Accordingly, we grant the petition for review on the issue of Mersha's eligibility for asylum and we remand this case to the BIA for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir. 2004). We deny the petition for review on the issue of CAT relief.

**PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.